UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-216-FDW

| | |
|---|---|
| JESUS S. MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| S. WHITE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e). Also pending before the Court are the following motions by Plaintiff: (1) Motion to Appoint Counsel, (Doc. No. 3); Motion for Preliminary Injunction, Motion for Temporary Restraining Order, (Doc. No. 4); Motion for Production of Documents, (Doc. No. 8); and Motion for Preliminary Injunction, (Doc. No. 11).

### I. BACKGROUND

Pro se Plaintiff Jesus S. Morales, inmate No. 1085030, is a North Carolina prisoner incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff is a frequent filer of civil rights lawsuits, having initiated at least eleven lawsuits in this and other federal courts in North Carolina. Plaintiff filed this action on December 5, 2016, naming the following individuals as Defendants: (1) Susan White, identified as the Administrator at Alexander; (2) John Doe Dye, identified as the Assistant Superintendent of Alexander; (3) George T. Solomon, identified as the Director of Prisons of the North Carolina Department of Public

1

Safety; (4) Frank Perry, identified as the Secretary of Correction of the North Carolina Department of Public Safety; and (5) David Mitchell, identified as the Western Regional Director for the North Carolina Department of Public Safety. (Doc. No. 1 at 5). Plaintiff complains that his constitutional rights are being violated with respect to his disability and confinement to a wheelchair due to an injury to his back and spine. Specifically, in support of his claim against Defendants, Plaintiff alleges the following facts:

> Plaintiff is and has been housed at Alexander Correctional Inst. since December 10, 2014. Plaintiff states that he is being deprived of a constitutional right and laws of the United States and a federal status and possible of the Policy with the N.C. Department of Public Safety. Plaintiff states that he is confined to wheelchair due to his disabilities due to a injury to his back and spine. Defendants has intentionally and took the Plaintiff's orderly from him for several days as of allowed his Orderly to push the Plaintiff to and from chow, to and from medication window on unit and other places the Plaintiff was need to go since November 16, 2015. Plaintiff is being denied a handicap cell with grab bars and the door way is not wide enough for his wheelchair to come in and out. Plaintiff is being denied a standard walker, good-time credit due to the fact that Plaintiff is unable to take a job in prison because he is unable to lift over 25 pounds or push over 25 pounds and unable to walk very far because of being dizzy and blacking out. Plaintiff is also being denied other service and benefits while being at Alexander Correctional Inst. and does not have enough room to get around in his cell due to it being small with his wheelchair and property in his cell. Plaintiff is not able to clean his cell like other inmates each week as well. All the Defendants have acted and continuing to act under color of state law at all times relevant to this Complaint.

(Id. at 6-7). Plaintiff seeks a preliminary injunction and punitive damages. (Id. at 8).

**II.    DISCUSSION**

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

2

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Fourth Circuit Court of Appeals has held that a strike under Section 1915(g) will also include a judgment on a summary judgment motion where the dismissal states on its face that the dismissed action is frivolous, malicious, or fails to state a claim. Blakely v. Wards, 738 F.3d 607, 613 (4th Cir. 2013).

Plaintiff's complaint will be dismissed because he has filed three pro se § 1983 complaints, Plaintiff was allowed to proceed in forma pauperis, and each of the three complaints was dismissed as being frivolous, malicious or for failure to state a claim under the provisions of the PLRA.[1] See Morales v. Paynter, No. 5:12-ct-3167-F (E.D.N.C. filed Aug. 22, 2012) (granting Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, no appeal taken); Morales v. Correct Care Solutions, LLC, No. 1:10cv265-TDS-PTS (M.D.N.C. filed Apr. 2, 2010) (recommendation of magistrate judge to grant summary judgment to defendants and dismiss with prejudice, where plaintiff failed to state an Eighth Amendment claim of deliberate indifference, subsequently adopted by district court judge, affirmed on appeal); Morales v. Yale, No. 1:10-cv-266-CCE-PTS (M.D.N.C. filed Apr. 2, 2010) (granting one defendant's motion for judgment on the pleadings and the remaining defendant's motion for summary judgment, and dismissing with prejudice, where plaintiff failed to state an Eighth Amendment claim of deliberate indifference or cruel and unusual punishment, both dispositions adopted by district judge, no appeal taken). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he

---

[1] Each of these cases is final, as Plaintiff either appealed, and the decision was upheld on appeal, or he did not appeal, and the time to do so has expired.

can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate in his Complaint in this action that he is under imminent danger of serious physical injury as required by § 1915(g). Therefore, this action will be dismissed without prejudice because Plaintiff has not paid the full filing fee.

**III.    CONCLUSION**

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may present this § 1983 complaint in federal court. This action is, therefore, dismissed without prejudice.

2. Plaintiff's (1) Motion to Appoint Counsel, (Doc. No. 3); Motion for Preliminary Injunction, Motion for Temporary Restraining Order, (Doc. No. 4); Motion for Production of Documents, (Doc. No. 8); and Motion for Preliminary Injunction, (Doc. No. 11), are all **DENIED** as moot.

3. The Clerk is respectfully instructed to terminate this action.

Signed: February 6, 2017

Frank D. Whitney
Chief United States District Judge